IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ANTHONY J. GUARINO, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CASE NO. 3:09-cv-0080-MEF |
| ) | |
| AUBURN UNIVERSITY, *et al.*, ) | (WO) |
| ) | |
| Defendants. ) | |

# MEMORANDUM OPINION AND ORDER

On August 28, 2009, this Court entered an order (Doc. #23) dismissing all of Plaintiff Anthony J. Guarino's ("Guarino") claims against Defendant Auburn University and several of its officers (collectively "Auburn"), leaving only Guarino's claims against Defendant Susan Henderson ("Henderson") and Henderson's counterclaims against Guarino. Because this Court had seemingly dismissed every federal claim from Guarino's complaint, the Court entered a second order (Doc. #24) on September 3, 2009, requiring both Guarino and Henderson to show cause why this Court should continue to exercise jurisdiction over the case.

This jurisdictional inquiry is now before the Court because both Guarino and Henderson have timely responded to the order. In addition, this case is also before the Court on three other motions: (1) Guarino's Motion to Amend Complaint (Doc. #29) filed September 17, 2009; (2) Guarino's Motion to Strike "Out of Residency" Claim of Defendant Henderson (Doc. #30) filed September 17, 2009; and (3) Guarino's Motion to

Amend Joint Stipulation of Dismissal with Prejudice (Doc. #33) filed October 2, 2009. For the reasons set out below, this Court will continue to exercise jurisdiction over this case and will deny all of the above motions.

### 1. Exercise of Supplemental Jurisdiction

Upon consideration of the arguments of both Guarino and Henderson in their responses, this Court will continue to exercise supplemental jurisdiction over this case. This decision is entirely within the Court's discretion. The statute authorizing supplemental jurisdiction specifies that a district court "*may* decline to exercise supplemental jurisdiction over a claim if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3) (emphasis added). Therefore, a district court has the discretion to continue to exercise jurisdiction over the remaining state-law claims in a case even after dismissing the federal claims that created the original jurisdiction. *Osborn v. Haley*, 549 U.S. 225, 245 (2007) ("Even if only state-law claims remained after resolution of the federal question, the District Court would have discretion, consistent with Article III, to retain jurisdiction.").

In light of this broad discretion, the Court's finds that Guarino's argument in favor of dismissal is not persuasive and that the Court should continue to exercise jurisdiction over this case. It would be unfair to Henderson to dismiss the case. Neither Auburn nor Henderson removed the case to federal court. Rather, it was Guarino who chose the federal forum, and he is now the only party to this action who urges the Court to dismiss

the case. In addition, Guarino's decision to bring this case in federal court has forced Henderson to assert her compulsory counterclaims in federal court. As such, this Court sees no compelling reason to dismiss the remaining claims, whether they arise under either federal or state law.[1] Because this Court had proper jurisdiction over the case when it was filed, the mere fact that it has dismissed the claims over which it had original jurisdiction will not divest it of its jurisdiction over the entire case going forward.

## 2. Guarino's Motion to Amend Complaint (Doc. #29)

Guarino moves to amend the portion of his complaint that, according to Henderson, supports her argument that the Court should retain jurisdiction over this case because Guarino has made a federal-law claim against Henderson. Even though Henderson has not responded to this motion, the Court will deny the motion. On April 24, 2009, this Court entered a Uniform Scheduling Order (Doc. #19) under Federal Rule of Civil Procedure 16. Section 4 of this scheduling order clearly states that any motions to amend the pleadings must be filed on or before July 10, 2009. Federal Rule of Civil Procedure 16(b)(4) provides that such a schedule "shall not be modified except upon a

---

[1] Because this Court chooses to continue to exercise jurisdiction over the remaining claims in this case on the basis of supplemental jurisdiction, the Court does not need to inquire into whether it would be *required* to do so, as is argued by Henderson, because of the possibility that Guarino has made a federal claim against Henderson or that the Court might have diversity jurisdiction over one or all of Henderson's counterclaims. Nonetheless, the Court does note that the possibility that Henderson might have diversity jurisdiction over one or all of Henderson's counterclaims weighs in favor of keeping the case for judicial-efficiency reasons, because this Court's dismissal of the case would likely be followed by removal of the case back to federal court.

showing of good cause" and with leave of court.  That is, in making a motion for leave to amend a pleading after the deadline set by this Court's scheduling order, a plaintiff must show that good cause exists for his untimely attempt to amend his complaint.  *See Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) (applying the Rule 16 good-cause standard rather than the more liberal standard of Rule 15).  On the record before it, the plaintiff has not established good cause.  In fact, from the face of the motion, this Court believes that Guarino has not shown any cause at all.  Therefore, the Court will deny the motion.

### 3. Guarino's Motion to Strike (Doc. #30)

Guarino moves to strike from Henderson's counterclaim her assertion of diversity jurisdiction, and the motion presents evidence showing that there is no diversity of citizenship between Guarino and Henderson.  Henderson opposes the motion and presents evidence that there is diversity of citizenship.  Because the Court has already decided to exercise its jurisdiction over this case as a whole through its discretion under § 1367, the existence or nonexistence of diversity jurisdiction over Henderson's counterclaims is irrelevant, and the Court will deny the motion as moot.[2]

---

[2] The Court also notes that the motion is procedurally deficient.  Under Federal Rule of Civil Procedure 12(f), a motion to strike must be made before responding to the challenged pleading or within twenty days after service of a pleading if no response is allowed.  Guarino filed his Answer (Doc. #20) to Henderson's counterclaims on May 21, 2009, but only filed this motion to strike 127 days later on September 17, 2009. Therefore, the motion is untimely under the federal rules.

### 4. Guarino's Motion to Amend Joint Stipulation (Doc. #33)

Third, Guarino moves to amend the stipulation of dismissal he and Auburn jointly filed on August 21, 2009 (Doc. #22). But this motion is defective in two respects. First, Guarino may not unilaterally amend the joint stipulation, or any other joint filing for that matter, without the express assent of all of the other parties to that joint filing. Second, the motion does not seek to change the actual text of the joint stipulation itself. It is a motion to amend that requests no amendment, and as such is nothing more than a waste of this Court's time. Both of these flaws are fatal, and the Court will deny the motion.

### 5. Conclusion

Accordingly, it is hereby ORDERED as follows:

(1) Guarino's Motion to Amend Complaint (Doc. #29) filed September 17, 2009, is DENIED.

(2) Guarino's Motion to Strike "Out of Residency" Claim of Defendant Henderson (Doc. #30) filed September 17, 2009, is DENIED.

(3) Guarino's Motion to Amend Joint Stipulation of Dismissal with Prejudice (Doc. #33) filed October 2, 2009, is DENIED.

DONE this the 20th day of October, 2009.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE