IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY J. GUARINO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO. 3:09-cv-0080-MEF |
| | ) | |
| AUBURN UNIVERSITY, *et al.*, | ) | (WO—Do Not Publish) |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on Defendant Shannon Henderson's ("Henderson")

Motion to Dismiss, filed on September 30, 2009 (Doc. # 32), Auburn University's[1]

Motion to Clarify, filed on October 15, 2009 (Doc. # 35), and Plaintiff Anthony J.

Guarino's ("Guarino") Motion for Leave of Court to Allow Plaintiff's Counterclaim to

the Counterclaim of Defendant Shannon Henderson, filed on October 30, 2009.  (Doc.

# 40.)  For the following reasons, this Court will deny all of the above motions.

These motions arise out of a disagreement between the parties about this Court's

response to the Joint Stipulation of Dismissal filed by Guarino and Defendants Auburn

University, Jay Gogue, John Heilman, Frances Kochan, Mary Ellen Mazey, and Kelly G.

Taylor (collectively "the Auburn defendants") on August 21, 2009.  (Doc. # 22.)  In the

Joint Stipulation, Guarino and the Auburn defendants agreed to the following:

---

[1] Auburn University is no longer a party to this case.  This Court dismissed Auburn University from the case on August 28, 2009, pursuant to the stipulation at issue in the motions now before the Court.

> Guarino hereby dismisses his complaint (doc. no. 1), his claims against
> Auburn should be dismissed with prejudice, and each party should bear its
> own fees, costs, and expenses.

(Doc. # 22 at 1.)  In response, on August 28, 2009, this Court dismissed Guarino's claims

against the Auburn defendants with prejudice, but did not dismiss Guarino's complaint in

its entirety or his claims against Henderson, the sole remaining defendant in the case and

the only party to this lawsuit who did not sign the Joint Stipulation.  (Doc. # 23.)  Rather,

the Court ordered that Guarino's claims "as set forth in the complaint remain against all

other defendants . . . ."  (*Id.*)  Henderson now moves to dismiss Guarino's claims against

her *with prejudice*, arguing that the Court should have honored the precise language of

the Joint Stipulation, which dismissed Guarino's complaint in its entirety.

The Court disagrees.  Civil litigation in the federal courts is governed by the

Federal Rules of Civil Procedure, even though no party to this action bothered to cite to

them in making their arguments.  Specifically, Rule 41(a) provides for voluntary

dismissals.  First, under Rule 41(a)(1), a plaintiff may dismiss an action without obtaining

the consent of the district court either "by filing: (i) a notice of dismissal before the

opposing party serves either an answer or a motion for summary judgment; or (ii) a

stipulation of dismissal signed by *all parties* who have appeared."  Fed. R. Civ. P.

41(a)(1) (emphasis added).  Neither prong applies in this case.  Guarino and the Auburn

defendants filed the Joint Stipulation after the Auburn defendants and Henderson had

served their answers, and Henderson, who had already appeared in this case, did not sign

the Joint Stipulation.  *See Negron v. City of Miami Beach, Fla.*, 113 F.3d 1563, 1571

(11th Cir. 1997) (upholding the denial of voluntary dismissal because there was no

indication in the record that all the parties to the lawsuit had agreed to the Rule

41(a)(1)(ii) motion).

Rule 41(a)(2) provides the other avenue for a voluntary dismissal.  It states:

"Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request

only by court order, *on terms that the court considers proper*."  Fed. R. Civ. P. 41(a)(2)

(emphasis added).  Under Rule 41(a)(2), "[a] voluntary dismissal without prejudice is not

a matter of right."  *Fisher v. P.R. Marine Mgmt., Inc.*, 940 F.2d 1502, 1502 (11th Cir.

1991).  "The decision to grant or deny a Rule 41(a)(2) motion to dismiss an action

without prejudice is entrusted to the *sound discretion* of the district court; thus, a plaintiff

holds no right to such dismissal."  *In re Bayshore Ford Trucks Sales, Inc.*, 471 F.3d 1233,

1259 (11th Cir. 2006) (emphasis added).  "What is more, in exercising its discretion, the

court must keep in mind the interests of the defendant, for Rule 41(a)(2) exists chiefly for

protection of defendants."  *Id.* (internal quotation marks omitted).

In light of this discretion, this Court decided to dismiss only Guarino's claims

against the Auburn defendants because both Guarino and the Auburn defendants had

stipulated to the dismissal and because they were the only parties to the action who had a

stake in the disposition of those claims.  By contrast, this Court decided not to dismiss

Guarino's complaint in its entirety or his claims against Henderson because Henderson

3

had not stipulated to the dismissal and because the Joint Stipulation did not provide any additional or persuasive reasons for dismissal or explain why Henderson's compulsory counterclaims would not be prejudiced by dismissal.

Even if the Court had been inclined to allow Guarino and the Auburn defendants to force the dismissal of Guarino's claims against Henderson and Henderson's counterclaims against Guarino, it would not have dismissed those claims with prejudice, as Henderson now asks. The Joint Stipulation specifically requested that Guarino's claims against the Auburn defendants be dismissed with prejudice; the logical inference is that the dismissal of any other part of the complaint, including Guarino's claims against Henderson, would be without prejudice.

This cause is also before the Court on two other motions filed by Auburn University and Guarino. First, Auburn University's Motion to Clarify merely supports Henderson's Motion to Dismiss by reference to a settlement agreement between Guarino and the Auburn defendants. In that settlement agreement, Guarino may have agreed to dismiss his claims against Henderson. The settlement agreement, however, is a contract formed outside the course of the proceedings in this case, and it is not binding on this Court. Whether the Auburn defendants or Henderson may have claims against Guarino, or vice versa, for breach of that agreement is not part of this case either. Thus, the Court will deny the motion.

Second, Guarino characterized his motion for leave to file a counterclaim as an

4

alternative that this Court should address only if it decides to grant Henderson's Motion to Dismiss.  Therefore, because this Court will deny Henderson's motion, Guarino's motion is moot.

Accordingly, it is hereby ORDERED as follows:

1.     Henderson's Motion to Dismiss, filed on September 30, 2009 (Doc. # 32), is DENIED.

2.     Auburn University's Motion to Clarify, filed on October 15, 2009 (Doc. # 35), is DENIED.

3.     Guarino's Motion for Leave of Court to Allow Plaintiff's Counterclaim to the Counterclaim of Defendant Shannon Henderson, filed on October 30, 2009 (Doc. # 40), is DENIED.  The Clerk of the Court is DIRECTED to strike Guarino's Counterclaim to the Counterclaim of Defendant Shannon Henderson, filed on October 16, 2009 (Doc. # 37), from the record.

DONE this the 17th day of November, 2009.


_____
/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE